IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TSU CHIANG CHENG, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 3:24-170 |
| v. | ) ) ) | Magistrate Judge Patricia L. Dodge |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, L.J. ODDO, | ) ) ) ) | |
| Respondents. | ) | |

**<u>MEMORANDUM</u>**

Before the Court[1] is the pro se Petition for a Writ of Habeas Corpus (ECF 6) filed by Tsu Chiang Cheng under 28 U.S.C. § 2241. For the following reasons, the Court will dismiss the Petition because it is moot.

**I.     Relevant Background**

When Mr. Cheng filed the Petition in August 2024, he was an immigration detainee in the custody of the Immigration and Customs Enforcement ("ICE") at Moshannon Valley Processing Center ("Moshannon"), which is located within the territorial boundaries of this Court. Mr. Cheng claimed that his alleged prolonged detention was unlawful. As relief, he sought an order from this Court directing his immediate release from ICE custody.

On October 22, 2024, in lieu of filing an answer, the Respondents filed a Notice of Suggestion of Mootness. (ECF 12.) They explain that Mr. Cheng was removed from the United

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

States on September 11, 2024. Because Mr. Cheng has been removed and is no longer in ICE custody, the Respondents assert that the Petition is moot.

**II.     Discussion**

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). The general habeas statute at 28 U.S.C. § 2241 confers jurisdiction on this Court to hear both statutory and constitutional challenges to Mr. Cheng's alleged prolonged detention at Moshannon. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208 (3d Cir. 2020); *Michelin v. Oddo*, 2023 WL 5044929, at *3 (W.D. Pa. Aug. 8, 2023).

It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel*, 729 F.3d at 280.

That is the case here. The Respondents have demonstrated that Mr. Cheng was released from custody and removed from the United States. Therefore, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); *see, e.g.*, *Patel v. Garland*, 2024 WL 3327719, at *1 (W.D. Pa. June 27, 2024) (Gibson, J.) ("In the context of federal habeas corpus petitions brought by immigration detainees challenging their detention, the deportation or removal of the petitioner renders the action moot."); *Walsh v. Warden of Pike Cnty. Corr. Facility*, 2023 WL 5732706, at *2-3 (M.D. Pa. Aug. 21, 2023) (same).

### III.   Conclusion

Based on the above, the Court will dismiss the Petition because it is moot. An appropriate Order follows.

Date:  October 31, 2024                                BY THE COURT:


/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge